# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2022

Lyle W. Cayce
Clerk

No. 22-10406
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Miguel Munoz-Huerta,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-30

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Following a plea of guilty, the district court sentenced defendant-appellant Miguel Munoz-Huerta to 235 months confinement and four years of supervised release. Munoz-Huerta moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) – the compassionate release statute. Concluding that § 3582(c)(1)(A) was not the proper procedural mechanism for the relief

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sought, the district court construed the motion as one brought under 28 U.S.C. § 2255 and afforded Munoz-Huerta the opportunity to "either (1) withdraw the document that the Court recharacterized as a Section 2255 motion or (2) file an amended motion on the Court's Section 2255 form that included all grounds for relief he believed were available to him." Munoz-Huerta withdrew the motion. He then filed another motion to challenge his sentence, again under § 3582(c)(1)(A). The district court dismissed the motion without prejudice and, for the second time, advised Munoz-Huerta that he could properly challenge the validity of his sentence under § 2255. Munoz-Huerta appeals that dismissal.

In his appellate briefing, Munoz-Huerta expressly states that he is not moving the Court to modify his sentence under § 2255, but under § 3582(c)(1)(A). He contends that § 3582(c)(1)(A) is a proper vehicle for sentence reduction in light of the First Step Act of 2018, which amended § 3582. In *United States v. Shkambi*, we explained:

> Before the FSA [*i.e.*, the First Step Act] amendment, the relevant provision of § 3582 read: "[T]he court, upon motion of the Director of the Bureau of Prisons, may reduce [a prisoner's] term of imprisonment ...." 18 U.S.C. § 3582(c)(1)(A) (2012). The FSA amended that text to read:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce [a prisoner's] term of imprisonment ....

> 18 U.S.C. § 3582(c)(1)(A) (2018) (italics indicating amendment).

993 F.3d 388, 391-92 (5th Cir. 2021). Accordingly, we observed that the First Step Act's amendment allowed for a defendant to move the court to reduce his or her term of imprisonment under § 3582(c)(1)(A). *Id.* at 392.

That is what Munoz-Huerta seeks to do here. And he should have the opportunity to have the merits of his § 3582(c)(1)(A) motion heard by the district court and the relevant compassionate-release standards applied. Therefore, we REVERSE and REMAND for proceedings consistent with this opinion.